IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANUEL RAFAEL SANDOVAL-MATA, § | | |
| #47840-177, § | | |
|     Petitioner, § | | |
| § | | |
| § | | |
| v. § | | 3:16-CV-0322-G-BK |
| § | | (3:14-CR-095-P-1) |
| UNITED STATES OF AMERICA, § | | |
|     Respondent. § | | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge. For the reasons that follow, this action should be dismissed for want of prosecution.

## I. BACKGROUND

On February 5, 2016, the Court advised Petitioner in accordance with *Castro v. United States*, 540 U.S. 375 (2003), that he must either withdraw the *pro se* pleading filed on December 23, 2015, recharacterized as a first section 2255 motion, or amend the same, so that it contains all claims that Petitioner wishes to raise with respect to his conviction in No. 3:14-CR-0095-P. Doc. 3 at 2. The deadline for Petitioner's response was March 4, 2016. As of the date of this recommendation, however, Petitioner has not responded to the Court's order, nor has he sought an extension of time to do so.

## II. ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's

inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Petitioner has been given ample opportunity to respond to the Court's order. He has impliedly refused or declined to do so. Therefore, this action should be dismissed without prejudice for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[1]

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

**SIGNED** March 21, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court cautions Petitioner that the 1996 amendments to the habeas corpus statute impose a one-year statute of limitations for filing a motion to vacate sentence, *see* 28 U.S.C. § 2255(f), and that this provision will be applicable to a subsequent petition that he may file in this court.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

  A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE